IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY LALO CORREA, | No. 2:12-CV-2683-MCE-CMK-P |
|     Petitioner, | |
|   vs. | FINDINGS AND RECOMMENDATIONS |
| CONNIE GIPSON, | |
|     Respondent. | |
|                                 / | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's unopposed motion to dismiss (Doc. 25). Respondent argues that the instant petition is untimely.

Petitioner is serving a determinate 13-year prison term after pleading no contest to possession of methamphetamine with intent to sell. The California Court of Appeal affirmed the conviction and sentence on April 28, 2011. Petitioner did not seek review in the California Supreme Court. Petitioner did, however, file one post-conviction petition in the California Court of Appeal on January 22, 2012. The petition was denied on February 2, 2012, and petitioner has not sought further review in the state courts. The instant federal petition was filed on October

/ / /

1    14, 2012.[1]

2             Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence.  See 28 U.S.C. § 2244(d).  Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review.  See 28 U.S.C. § 2244(d)(1).  Where, as here, no petition for review by the California Supreme Court is filed, the conviction becomes final 40 days following the Court of Appeal's decision, and the limitations period begins running the following day.  See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002).  The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court.  See 28 U.S.C.  § 2244(d)(2).

             In this case, because petitioner did not seek direct review by the California Supreme Court, the limitations period began to run the day after expiration of te 40-day time period in which to do so, or on June 8, 2011.  The limitations period, however, was tolled for the period petitioner's single state court post-conviction petition was pending – from January 22, 2012, through February 2, 2012, or 12 days.  Given this period of tolling, the one-year limitations period ended on June 20, 2013.  Because the instant federal petition was filed in October 2013, the court agrees with respondent that is untimely and must be dismissed.

/ / /
/ / /
/ / /
/ / /

---

[1] The court has given petitioner the advantage of the prisoner "Mailbox Rule" in calculating all dates.

Based on the foregoing, the undersigned recommends that respondent's unopposed motion to dismiss (Doc. 25) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  October 29, 2014

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE